# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

DEREK THOMPSON                                                                           PETITIONER

V.                                                                                 NO. 4:09CV032-M-S

LAWRENCE KELLY, et al.                                                                  RESPONDENTS

## MEMORANDUM OPINION

This cause comes before the court on the petition of Derek Thompson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

### A. Factual and Procedural Background

On November 4, 2004, Thompson pled guilty to armed robbery in the Carroll County Circuit Court. On the same day, Thompson was sentenced to twenty-five years imprisonment. Since he had pled guilty, Thompson did not pursue an appeal.[1] He, instead, filed a petition for post-conviction relief in the trial court on October 3, 2006. The trial court denied his petition on July 6, 2007. Aggrieved by that decision, Thompson appealed. The Mississippi Court of Appeals affirmed the trial court's decision. *See Thompson v. State*, 990 So. 2d 265 (Miss. App. 2008). Thompson then filed the instant petition challenging his state court conviction on March 21, 2009.

### B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

---

[1] In Mississippi, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. Rather, a defendant may only pursue an appeal within thirty days of the guilty plea alleging that the sentence imposed is illegal. Miss. R. App. P. 4(a); *Lett v. State*, 965 So. 2d 1066, 1070 (Miss. 2007).

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed thirty days after a guilty plea to perfect an appeal. Miss. R. App. P. 4(a). Thompson admittedly did not pursue an appeal challenging his sentence within thirty days. The sentencing order was entered on November 4, 2004. In the absence of further review, Thompson's judgment and became final thirty days later on December 6, 2004,[2] the date on which his time for perfecting an appeal in state court expired.

Thompson, therefore, had one-year or until December 6, 2005, to seek federal review of his conviction and sentence or "properly file" an application for post-conviction relief in the state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.; Starns v. Andrews*, 524

---

[2] November 4, 2004 plus thirty days is December 4, 2004, which was a Saturday. Thompson, therefore, would have had until the following Monday or December 6, 2004, to file an appeal.

F.3d 612, 616 (5th Cir. 2008). Thompson did file a petition for post-conviction relief in the trial court on October 3, 2006. Thompson's post-conviction petition, however, was not filed on or before December 6, 2005. He, therefore, may not take advantage of the AEDPA's tolling provision.

To be timely, Thompson's federal habeas petition must have been filed by December 6, 2005. Thompson, however, did not file this petition until March 21, 2009, when he presumably delivered it to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). His petition was, thus, filed 1201 days beyond the expiration of the one-year limitations period.

The petition is untimely unless the Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). Thompson does not address the timeliness of his petition and he has not answered the Respondents' motion to dismiss. Accordingly, Thompson has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, the petition must be dismissed with prejudice

A final judgment in accordance with this opinion will be entered.

THIS the 16th day of September, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**